UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| ADAM DIAZ, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:04-CV-300 RM |
| ) | |
| KU KLUX KLAN, *et al.*, ) | |
| ) | |
| Defendants ) | |

MEMORANDUM AND ORDER

Plaintiff Adam Diaz, a prisoner confined at the Maximum Control Facility, has filed an amended complaint. Under 28 U.S.C. § 1915A, stating his claims with more particularity. A court must screen amended complaints submitted by prisoners. Zimmerman v. Hoard, 5 F.Supp.2d 633 (N.D.Ind. 1998). Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. Weiss v. Colley, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>     In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

Alvarado v. Litscher, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks

and ellipsis omitted).

When it screened Mr. Diaz's original complaint, the court dismissed most of Mr. Diaz's claims but allowed him to proceed against Correctional Officer Michael Biddle on an Eighth Amendment claim that Officer Biddle used excessive and unnecessary force against him. In his amended complaint, Mr. Diaz asserts only his claims against Officer Biddle. Mr. Diaz alleges that on April 19, 2004, Officer Biddle struck Mr. Diaz several times, breaking a tooth, toppled him to the floor further injuring his mouth, and then kicked him, rupturing one of his testicles. Mr. Diaz states that he did not resist and did not attempt to hit or kick Officer Biddle.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991). Giving Mr. Diaz the benefit of the inferences to which he is entitled at the pleadings stage, the court cannot say that he can prove no set of set of facts consistent with his excessive use of force claims under the standards set forth in Hudson v. McMillian, 503 U.S. 1 (1992).

For the foregoing reasons, the court:

(1) GRANTS the plaintiff's request for leave to amend his complaint (docket #45), GRANTS him leave to proceed on his Eighth Amendment claim against defendant Michael Biddle in his personal capacity for damages, and

DIRECTS the clerk to file the amended complaint;

(2) AFFORDS the defendant until September 29, 2005, within which to respond to the amended complaint; and

(3) ENTERS the following scheduling order, which, pursuant to Federal Rule of Civil Procedure 16(b), shall not be modified except upon a showing of good cause: any dispositive motions directed at the question of whether the plaintiff exhausted available administrative remedies shall be filed by October 28, 2005; all discovery shall be initiated by December 30, 2005; and any dispositive motions directed at the merits shall be filed by February 28, 2006.

Dated: August 29, 2005

\_\_\_/s/Robert L. Miller, Jr.\_\_\_\_\_
Chief Judge
United States District Court